# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                     )
         Plaintiff,      )
                     )
                     )
v.                      )      Cr. ID. No. 1405006237
                     )
                     )
                     )
Earle D. Moore,        )
                     )
         Defendant.      )

Date submitted: March 12, 2018
Date decided: June 27, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Renee L. Hrivnak, Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Wilmington, Delaware, 19801. Attorney for the State.

John S. Edinger, Jr., Esquire, Office of Defense Services, 820 N. French St. 3rd Floor, Wilmington, Delaware, 19801. Defense Counsel.

Earle D. Moore, *pro se*, Defendant.

**MANNING**, Commissioner:

This 27th day of June 2018, upon consideration of defendant Earle D. Moore's Amended Motion for Postconviction Relief[1] ("Motion"), I find and recommend the following:

## Procedural History

Moore pled guilty to Assault First Degree, Possession of a Deadly Weapon During the Commission of a Felony (PDWDCF) and Burglary Second Degree, on June 15, 2015. As part of the plea agreement, the State agreed to discharge a pending Violation of Probation as unimproved. The plea agreement indicated that the State would seek to declare Moore a habitual offender pursuant to 11 *Del. C.* § 4121(a) as to the Burglary Second Degree and PDWDCF charges. The plea agreement indicated no specific recommendation as to sentencing and stated "open sentencing." The Truth in Sentencing form correctly listed the sentence ranges for each charge and that Moore would face a minimum mandatory sentence of at least 35 years at Level Five. A pre-sentence investigation was requested. The plea agreement indicates that Moore wished to pled Guilty But Mentally Ill (GBMI), however, the State opposed this request and requested a hearing pursuant to 11 *Del. C.* § 408(a). On June 30, 2015, the Court issued an order finding that the facts presented did not support a guilty but mentally ill plea.[2] Moore was offered an opportunity to

---

[1] D. I. # 76.

[2] D.I. #45.

1

withdraw his guilty plea at that time but declined to do so and a pre-sentence investigation was ordered.[3]

On November 13, 2015, Moore was sentenced as a Habitual Offender to 37 years of unsuspended Level Five time, followed by probation. Moore did not appeal his conviction or sentence to the Delaware Supreme Court. On September 30, 2016, Moore filed a first motion for postconviction relief pursuant to Superior Ct. Crim. Rule 61. The Motion was referred to the undersigned commissioner on October 5, 2016. After numerous requests by Moore to enlarge the record and for extensions of time, all of which were granted by the Court, Moore filed an amended Motion on September 19, 2017. Defense Counsel and the State both subsequently filed Responses on February 15, 2018, and March 12, 2018, respectively. Moore did not file a Reply.

Upon my review of the pleadings in this matter, I did not deem it necessary to hold an evidentiary hearing based on the nature of Moore's allegations.

Moore's claims for postconviction relief can be summarized as follows:

| Ground One: | Ineffective assistance of counsel during the initial of his plea negotiation such that it questions the validity of the plea as to whether it was knowingly and voluntarily made. |
|---|---|
| Ground Two: | Brady Violation. The State failed to disclose reports tending to show that the victim was the aggressor in previous domestic incidents. |

---

[3] D.I. #46.

2

| Ground Three: | Trial counsel showed no loyalty and made disparaging statements about him to the victim about him, including that he was an animal and should die in prison and that he would allow the State prosecutor to do what they wanted to him. |
| --- | --- |
| Ground Four: | Ineffective assistance of Counsel. Counsel failed to contact any witness for the movant and did not investigate the case. Counsel also failed to present highly mitigating evidence due to his own personal feelings toward movant. |
| Ground Five: | Ineffective assistance of Counsel. Counsel failed to make the movant aware of the penalty he faced by telling him he would be able to receive an amount of goodtime credits impossible for someone with movant's sentence. |
| Ground Six: | Counsel was ineffective by allowing prosecutors to plea movant out to a charge he was not indicted on without proper proceedings and that the result was worse for movant. |

## Facts

According to the Affidavit of Probable Cause, on November 25, 2014, Newark Police responded to 11 A O'Daniel Avenue, Newark, Delaware, for a report of a stabbing. Upon arrival, police discovered Maribel Dejesus who had suffered multiple life-threatening stab wounds. Ms. Dejesus identified Moore as her assailant. A witness at the scene reported to police that she had seen Moore stab Dejesus with an eight-inch kitchen knife following argument before fleeing the scene. A second witness at the scene also reported that she observed Moore stab

3

Dejesus. Police then issued a general radio broadcast for Moore who was arrested by police a short time later with blood on his jeans, arms, and shirt. At the time of his arrest, Moore stated to police "something like 'I'm so sorry. I love her. She cheated on me.'" Moore was transported back to the scene of the crime and was positively identified by both witnesses. Moore later admitted to police that he kicked in the front door and stabbed Dejesus repeatedly with a kitchen knife that he retrieved from the kitchen. Moore was charged by police with Attempted Murder, Criminal Contempt of a Domestic Violence Protection Order (PFA), and other related charges.

## Legal Standard

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[4] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[5]

---

[4] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[5] *Id.*

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[6] Most germane to this case, mere allegations of ineffectiveness will not suffice—a defendant must make and substantiate concrete allegations of actual prejudice.[7] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[8]

In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be viewed from his or her perspective at the time decisions were being made.[9] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting efforts of hindsight. Second guessing or "Monday morning quarterbacking" should be avoided. [10]

---

[6] *Strickland*, 466 U.S. at 697.

[7] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[8] *Strickland*, 466 U.S. at 691.

[9] *Id.*

[10] *Id.*

5

## Analysis

The procedural requirements of Rule 61 must be addressed before considering the merits of any argument.[11] Moore's Motion was timely filed[12] and is not repetitive, thus satisfying the requirements of Rule 61(i)(1) and (2).[13] Therefore, Moore's Motion should be decided on its merits.

Ground One: Based on my review of the record, there is nothing to indicate that Moore's guilty plea was not made knowingly, intelligently and voluntarily. All of the guilty plea paperwork was correctly completed and Moore has offered no specific examples of Defense Counsel's deficient performance or any prejudice he suffered. This claim is conclusory and should be denied.

---

[11] *See Younger*, 580 A.2d at 554.

[12] Per Rule 61(m)(1), Moore's conviction did not become final until 30 days after he was sentenced because he did not take a direct appeal.

[13] Rule 61(i) Bars to relief. --
(1) Time limitation. -- A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final [].
(4) Former adjudication. -- Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

<u>Ground Two</u>:  The State indicated in its Response that it is unaware of any police reports purporting to show that the victim was the initial aggressor.[14] Additionally, Moore has offered no proof beyond his conclusory allegations that any such reports exist or that the victim was, in fact, the initial aggressor.  Even if she was however, Moore elected to pled guilty thereby waiving his right to proceed to trial and confront his accuser.  "It is well-settled that a knowing, intelligent, and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea."[15] This claim is likewise without merit.

<u>Ground Three</u>:  Defense Counsel denies that he had any such conversation with the victim.[16] Moreover, Moore has provided no proof beyond his mere allegation.  This claim is without merit and should be denied.

<u>Ground Four:</u>  Defense Counsel stated in his Affidavit that he was never made aware of any witnesses that would have been helpful to Moore's case.  Moreover, Moore has failed to identify who those witnesses were, much less what they would have testified to at trial.  Defense Counsel also denies that he failed to present

---

[14] D.I. 67, p.8.

[15] *Fields v. State*, 2017 WL 4607424 (Del. October 12, 2017) (citing *Smith v. State*, 2004 WL 120530 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973) (reaffirming the principle that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."))).

[16] D.I. #81, Affidavit of Defense Counsel, p.1.

mitigating evidence on Moore's behalf. Moore has failed to identify specifically what evidence Defense Counsel might have presented that could have resulted in a different outcome for him. Notably, Defense Counsel did present evidence that Moore was suffering from a mental illness at the time of the crime. This claim is without merit and should be denied.

Ground Five: Defense Counsel denies this allegation and stated in his Affidavit that he made More aware, based on his understanding of the law, that he would be eligible for good time credit. Beyond this explanation, I am unclear exactly what Moore is arguing in his Motion other than that he is unhappy with the length of his sentence and now regrets pleading guilty. This claim is meritless and should be denied.

Ground Six: Moore pled guilty to a lesser included offense of Attempted Murder and Possession of Deadly Weapon During the Commission of a Felony— both indicted charges. Moore also pled guilty to one count of Burglary Second Degree by Attorney General's Information. The plea agreement clearly states that "Def waives indictment of this charge for purposes of this plea." Based on this record, this claim is meritless and should be denied.

## Conclusion

I have carefully reviewed Moore's Motion, as well as the submission of Defense Counsel and the State, and I find that Moore has failed to demonstrate that any alleged error on the part of Defense Counsel resulted in prejudice to him. As such, I conclude that Moore' claims of ineffective assistance of counsel are unavailing and that his Motion should be **Denied**.

**IT IS SO RECOMMENDED.**

_____
Commissioner

oc:    Prothonotary
cc:    Defendant via first class mail, counsel via e-mail

9